### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| **MARCO RAMOS** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:17-CV-200** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE** | § | |
| **COMPANY AND MARIO CAPMANY** | § | |
| *Defendants.* | § | |

### ALLSTATE VEHICLE AND PROPERTY INSURANCE
### COMPANY'S NOTICE OF REMOVAL

Defendant Allstate Vehicle and Property Insurance Company ("Allstate"), hereby files this notice of removal pursuant to 28 U.S.C. §§ 1332 and 1441, and would respectfully show the Court as follows:

### I.
### BACKGROUND

1.  On or about July 31, 2017, Plaintiffs filed their Original Petition in the 406th Judicial District Court of Webb County, Texas, Cause Number 2017CVH001528D4, styled *Marco Ramos v. Allstate Vehicle and Property Insurance Company and Mario Capmany. See* Exhibit A (Original Petition).

2.  Plaintiffs' lawsuit arises from property damage to their home alleged to be caused by a wind and hail storm occurring on or about February 19, 2017. *Id.,* ¶11. Plaintiffs' affirmatively pleads for relief over $100,000 but no more than $2,000,000. *Id.,* at ¶ 5.

3.  Plaintiffs served Allstate with Plaintiffs' Original Petition and process on September 5, 2017, by certified mail on its registered agent for service. *See* Exhibit B.

4.      Upon information and belief, defendant Mario Capmany has not been served with process. *See* Exhibit C.

5.      As against Allstate, Plaintiffs assert causes of action for breach of contract, violations of the Texas Insurance Code, and breach of common law duty of good faith. *See* Exhibit A, at ¶¶ 12 – 53, inclusive.

6.      As against Mario Capmany, Plaintiffs assert causes of action for violations of various sections of Chapter 541 of the Texas Insurance Code. *Id.,* at ¶¶ 38 – 53.

7.      The State Court's Record Search including Case History for this matter is attached herein. *See* Exhibit C.

## II.
### GROUNDS FOR REMOVAL

8.      This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states. Allstate asserts that defendant Mario Capmany was improperly joined in this action and that Plaintiff has not pleaded facts sufficient to state a valid cause of action against defendant Mario Capmany. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A.      Diversity in Citizenship**

9.      Plaintiff Marco Ramos is a natural person who resides in Webb County, Texas. *See* Exhibit A, ¶ 2.  Plaintiffs have not pled any other facts of residency, intention to leave Texas, or domiciles in other States.  *Id.*  Accordingly, Allstate asserts that absent the same, Plaintiffs' citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

Defendant Allstate Vehicle and Property Insurance Company is a foreign corporation incorporated under the laws of the state of Illinois with its principal place of business in Cook County, Illinois. Accordingly, Allstate is a citizen of Illinois.

10.     Defendant Mario Capmany is a citizen of Texas; however, plaintiff Marco Ramos has improperly joined defendant Mario Capmany in this action solely to defeat diversity jurisdiction. His residency should therefore be disregarded for purposes of evaluating diversity in this matter.

**B.     Improper Joinder of Defendant Capmany**

   **(i)  Legal Standard**

11.     The doctrine of improper joinder, or fraudulent joinder, ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the Court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003).

12.     The removing party bears the burden of establishing whether federal jurisdiction exists and removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).  To meet this burden, the removing party must demonstrate that there is no reasonable basis for the district court to predict that the plaintiffs might be able to recover against the in-state defendant." *McDonald v. Abbot Labs.,* 408 F.3d 177, 183 (5th Cir. 2005).

13.     To determine that an in-state defendant has been improperly joined, the court must find that (1) the plaintiff has fraudulently alleged that a defendant is non-diverse, or (2) the plaintiff has failed to state a claim against the non-diverse defendant. *Smallwood,* 385 F.3d at 573. In making this determination, a federal court must look to the original state court pleading but apply

the federal pleading standard. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.,* 818 F.3d 193, 205 (5th Cir. 2016).

15.     The court may resolve claims of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Smallwood,* 385 F.3d at 573. The analysis requires the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).  "A claim has facial plausibility when the plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1973 (2009).

16.     Pursuant to *Twombly* and *Iqbal,* the court conducts a two-prong analysis. First, the court separates legal conclusions from well-pled facts. *Iqbal,* 556 U.S. at 678-79. Second, the court reviews the well-pled facts, assumes they are true, and determines whether they "plausibly give rise to an entitlement of relief." *Id.,* at 679.  A pleading "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.*  Plausibility requires more than a mere possibility. It calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct. *Twombly,* 550 U.S. at 565.

17.     In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyds,* No. H-11-2376, 2010 WL 103678 at *7 (S.D. Tex. March 27, 2012) (citing string of Southern District cases).

**(ii) Plaintiff Fails to State a Plausible Cause of Action Against Defendant Capmany**

18.     Here, applying the *Twombly* and *Iqbal* analysis, Plaintiffs' Original Petition fails to state a plausible cause of action against Defendant Capmany under the federal pleading standard. Specifically, as shown below, Plaintiffs' claims consist of conclusory allegations couched as "facts", include global allegations that fail to distinguish between defendants, include fraud allegations which do not meet the pleading standard of Rule 9(b), and include allegations that do not apply to individual adjuster defendants.

### a.  Plaintiffs' Allegations Against defendant Mario Capmany

19.     The causes of action against Capmany arise from the Texas Insurance Code.  As to Capmany, Plaintiff alleges as follows:

> 12.    … After Plaintiff made the Claim, Defendant Allstate assigned or otherwise retained its employees and/or agents Defendant Capmany to work on Plaintiff's claim.  All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiffs' Claim…

> 13.   Defendant Capmany made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.  Defendants [sic] Capmany failed to fully quantify Plaintiffs' damages, thus demonstrating that this defendant did not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiffs' Claim, evidenced by the estimate issued by Defendant Capmany and relied upon by Defendant Capmany. The damage failed to include all damages to Plaintiff's Property. The damages Defendant Capmany included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained… Further, Defendant Capmany knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiffs' claim. Because of Defendant Capmany's conduct, Plaintiffs' claim was underpaid and partially-denied.

*Plaintiffs' Original Petition*, Exhibit A, at ¶¶ 12-13.

20.     The remainder of Plaintiffs' allegations against Capmany are lumped together with allegations against Allstate, and merely track the statutory provisions for the Texas Insurance Code and elements of fraud. Specifically, Plaintiffs' Original Petition states:

> 15. All Defendants misrepresented to Plaintiffs that much of the damage to the Property was not covered under the Policy, even though the damages was covered by the policy. Defendants' conduct constitutes a violation of TEX. INS. CODE §541.060(a)(1).[1]
>
> 16. All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' Claim, when ALLSTATE's liability was reasonably clear. Defendants' conduct constitutes a violation of TEX. INS. CODE §541.060(a)(2)(a).[2]
>
> 17. All Defendants failed to explain to Plaintiffs the reasons for their offer an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct constitutes a violation of TEX. INS. CODE §541.060(a)(3).[3]
>
> 18. All Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes a violation of TEX. INS. CODE §541.060(a)(4).[4]

---

[1] Section 541.060(a)(1) states it is an unfair or deceptive act to engage in "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; "

[2] Section 541.060(a)(2)(A) states it is an unfair or deceptive act to engage in "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurers liability has become reasonably clear;"

[3] Section 541.060(a)(3) states it is an unfair or deceptive act to engage in: "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; ..."

[4] Section 541.060(a)(4) states it is an unfair or deceptive act to engage in: "failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder;..."

19.   All Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' Claim. Defendants' conduct constitutes a violation of TEX. INS. CODE §541.060(a)(7). [5]

...

24.   All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

25.   Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

*Id.,* at ¶¶ 15-19, 24, 25.

### b.   *Legal Conclusions Couched As Allegations*

21.   The allegations against defendant Mario Capmany consist of general and conclusory allegations, unwarranted deductions, and legal conclusions. *See id.* That is, Plaintiff generally complains about Capmany's investigation, valuation, and partial denial of the claim, but does not provide *any* facts explaining how such actions were improper, incorrect, or wrongful. *See id.* Notably, Plaintiffs do not provide any details about the alleged damage, (*e.g.,* whether it occurred on the roof, exterior, or interior), nor any details of the alleged wrongful estimate (*e.g.,* what it paid for and/or what it failed to pay for). Instead, the allegations are clearly conclusory and speculative.  For example, while Plaintiff asserts that Capmany made numerous errors in estimating the value of Plaintiffs' claim", Plaintiff does not explain what errors were allegedly made. *Id.,* at ¶ 13.  Also, Plaintiff alleges that Capmany "conducted a substandard investigation of Plaintiffs' Claim, evidenced by the estimate issued by Defendant Capmany and relied upon by

---

[5] Section 541.060(a)(7) states: it is an unfair or deceptive act to engage in: "refusing to pay a claim without conducting a reasonable investigation with respect to the claim;…"

Defendant Capmany," but does not explain how such investigation was substandard and references the estimate, and does not provide any information regarding the alleged improper estimate. *Id.* These allegations merely state a conclusion without identifying any specific way in which Capmany's investigation was wrongful. *Id.* "Factual allegations must be enough to raise a light to relief above the speculative level." *Papasan v. Allian,* 478 U.S. 265, 286 (1986). Further, courts are not bound to accept as true a legal conclusion couched as a factual allegation. *See Twombly,* 550 U.S. at 155. As such, these allegations do not form the basis for an independent cause of action against Capmany.

22.     These allegations are, almost *verbatim,* identical to those considered in *Gardezi v. Nationwide Property and Casualty Ins. Co.,* No. 4:15-CV-01663, *1 (S.D. Tex. Jan. 7, 2016). Therein, plaintiffs alleged as against the adjuster, that "[the adjuster] made numerous errors in estimating the value of the Plaintiffs' claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs ... As a result of [the adjuster's] conduct, Plaintiffs' claim was underpaid." *Id.* at *2.  The plaintiffs also referred to such allegations in asserting violations of the Texas Insurance Code. *Id.*  The *Gardezi* court concluded that the plaintiffs failed to state a cause of action against the individual adjuster, and noted that the actions of the adjuster were "indistinguishable from the acts of [the insurer] and hence are insufficient to support a claim against the adjuster." *Id.* at *6.

23.     In addition to *Gardezi,* the Courts in the Southern District of Texas have found improper joinder in cases with nearly identical language to the instant matter. *See e.g., Barclay v. State Farm Lloyds,* No. H-14-3649, 2015 WL 1408185 (S.D. Tex. Mar. 26, 2015)(holding plaintiff failed to establish a cause of action against adjuster alleged in part to have made false statements pertaining to coverage, failed to properly adjust claim and summarily denied claim with obvious

knowledge and evidence of covered peril); *Okenkpu,* 2010 WL 103678 at \*7 (holding plaintiff failed to establish a cause of action against adjuster alleged in part to have conducted substandard inspections, spent insufficient time inspecting property as evidenced by his report which failed to include all of the damages); *Centro Cristiano Cosecha Final, Inc., v. Ohio Cas. Ins. Co.,* H-10-1846, 2011 WL 240335 (S.D. Tex. Jan. 20, 2011) (holding plaintiff failed to establish a cause of action against adjuster alleged in part to have failed to fully quantify damages, conduct a thorough investigation, fairly evaluate and adjust claim and provide reasonable basis for denial).

### c.   *Global Allegations Against Defendants*

24.     In addition to the foregoing, Plaintiffs' general and global allegations about the conduct of "Defendants" are not sufficient to provide fair notice to Capmany of a plausible claim against him under the applicable federal 12(b)(6) standards. Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirements to state specific actionable conduct against the non-diverse defendant. *See Griggs v. State Farm Lloyd's,* 181 F.3d 694, 966 (5th Cir. 1999).  Similar to the instant case, in *Dalton v. State Farm Lloyd's, Inc.,* the plaintiffs allegations against the adjuster were of "insufficient investigation and undervaluing the claim." No. CIV.A. H-12-3004, 2013 WL 3157532 at \*6 (S.D. Tex. June, 19, 2013). In holding plaintiff had not alleged facts sufficient to state a cause of action against the adjuster, the court noted that Plaintiff identified no specific misrepresentations made by the adjuster, and that the claims against the adjuster were identical to those against the insurer. *Id.* at \*7.

#### d. *Allegations Track Statutory Language*

25.     Further, Plaintiffs' allegations simply track the statutory language of Sections 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7) of the Texas Insurance Code without alleging any case-specific-facts. *See Id.,* at ¶¶ 15-19.  Such bare-bones recitation of the statutes has consistently been held by this Court to be insufficient to state a claim. *See Elizondo v. Great Lakes Ins. SE,* No. 7:17-CV-36, 2017 WL 1318454 at *2 (S.D. Tex. April 10, 2017) (stating "such allegations are conclusory and will be ignored because they are not entitled to the assumption of truth."); *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyd's, London,* No. 2016 WL 4494439, *4 (S.D. Tex. Aug. 28, 2016) (stating plaintiffs' "formulaic recitation of the statutory language is insufficient to fulfill its obligation to provide the grounds on which it is entitled to relief."); *Young v. Travelers Personal Security Ins. Co.,* No. 4:16-CV-235, 2016 WL 4208566, *1–2 (S.D. Tex. Aug. 10, 2016) (same); *Johnson v. Travelers Home & Marine Ins. Co.,* No. H-16-449, 2016 WL 4061146, *3 (S.D. Tex. July 29, 2016) (same).

#### e. *Misrepresentation Claims Fail to Satisfy Rule 9(b)*

26.     In addition to the foregoing, Plaintiffs' claims against Defendants sounding in fraud and misrepresentation fail to state facts sufficient to support such claims under Federal Rule of Civil Procedure 9(b).  *See Id.,* at ¶¶ 15, 24 (alleging misrepresentation and false representations). Specifically, Plaintiff alleges that "Defendants misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damages was covered by the policy", but does not identify what damages were misrepresented, who made the alleged misrepresentation, to whom the misrepresentation was made, or how Plaintiff relied upon the misrepresentation. *Id.* at ¶ 15.  Plaintiff further alleges that "Defendants knowingly or recklessly

made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff," but does not specify what false representations were made, who made such false representations, to whom such false representations were made, or how Plaintiff relied upon such false misrepresentation. Accordingly, these allegations fall short of the heightened pleading requirements of Rule 9(b). *See id.,* at ¶24; FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *See Dorsey v. Portfolio Equities, Inc.,* 540 F.3 333, 339 (5th Cir. 2008) (to satisfy Rule 9(b), a plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.").

27.     In *Lopez v. Allstate Vehicle and Property Ins. Co.,* the plaintiff made similar allegations against the individual adjuster. 2017 WL 1233831, No. 4:17-CV-00103, *4 (E.D. Tex. April 4, 2017)(alleging fraudulent and negligent misrepresentations regarding the amount of damage to plaintiffs property and regarding why policy would not cover certain damage). The court held that the plaintiffs failed to state a plausible claim, noting that "[g]eneral allegations that [adjuster's] investigation caused Plaintiffs' harm because it resulted in an underevaluation of the claims is not sufficient because there are no factual allegations of independent conduct on [adjuster's] part, which caused Plaintiffs any harm." *Id.*

### f.   *Provisions Inapplicable to Individual Adjusters*

28.     In addition to the foregoing, Plaintiffs' causes of action pursuant to Sections 541.060(a)(2)(a), (a)(3), and (a)(4) further fail to survive the Rule 12(b)(6) standard because this Court has found that such sections only apply to insurers. *See Vallejo v. Allstate Vehicle and Prop. Ins. Co.,* No. 7:17-CV-94, 2017 WL 2240796, *3 (citing *Lopez v. United Property &*

*Casualty Ins. Co.,* 197 F.Supp.3d 944, 950 (S.D. Tex. July 11, 2016); *Tommaso v. State Farm*

*Lloyds,* 2016 WL 6883042, No. 7:15-CV-00274, *5 (S.D. Tex., Sept. 28., 2016) (stating section

541.060(a)(2)(A) is "categorically inapplicable to individual adjusters.")

29.     Based on each of the foregoing reasons, Plaintiffs' pleading fails to state a plausible

cause of action against Capmany.

**C.     Amount in Controversy**

30.     The party seeking federal jurisdiction must prove by a preponderance of the evidence that

the amount in controversy exceeds $75,000.00.  *Grant v. Chevron Phillips Chem. Co. L.P.,* 309

F.3d 864, 868 (5th Cir. 2002).   The removing party may satisfy its burden by either (1)

demonstrating that it is "facially apparent" from the petition that the claim likely exceeds

$75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition,

but sometimes by affidavit – that support a finding of the requisite amount."  *Allen v. R & H Oil*

*& Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

31.     Here, it is facially apparent from Plaintiffs' petition that the claim exceeds $75,000.00.

Specifically, Plaintiffs' petition expressly states that "Plaintiff seeks monetary relief over

$100,000.00 but not more than $200,000.00, excluding interests and costs."  Exhibit A, ¶ 5.

32.     Based on the foregoing, the amount in controversy exceeds $75,000.00.

### III.
### REMOVAL IS PROCEDURALLY PROPER

33.     This notice of removal is timely filed within thirty (30) after service of process upon

Defendant. *See* 28 U.S.C. §1441(b)(1).

34.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division

of this Court embraces Hidalgo County, Texas, the place where the State Court suit was filed.

35.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

36.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiffs and to the Clerk of Hidalgo County District Court.

37.     Pursuant to 28 U.S.C. §1446(b)(2), all defendants who have been properly joined and served is joined in this removal.  Specifically, Defendant Curtis has not been served and further has not been properly joined as a defendant in this matter.

## IV.
### ATTACHMENTS

38.     Pursuant to 28 U.S.C. § 1446(a), Local Rule 3 and Local Rule 81, Defendants include with their notice of removal the following attachments, which are incorporated herein by reference:

- Civil Action Cover Sheet
- Exhibit A:     Plaintiff's Original Petition
- Exhibit B:     Executed process to Allstate
- Exhibit C:     State court docket sheet
- Exhibit D:     Index of matters being filed
- Exhibit E:     List of all counsel of record

WHEREFORE, Defendant Allstate Texas Lloyds requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

By: */s/ Robert E. Valdez*
    **Robert E. Valdez**
    State Bar No.20428100
    S.D. Tex. Bar No. 9816
    revaldez@valdeztrevino.com
    **Adán A. González, III**
    State Bar No. 08122350
    S.D. Tex. Bar No. 11403
    agonzalez@valdeztrevino.com

**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Plaza Las Campanas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

*Attorney for Defendant Allstate Vehicle*
*and Property Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Texas Rules of Civil Procedure on **October 5, 2017**, in the manners prescribed below:

William T. Jones, Jr.
Robert D. Green
Daniel P. Barton
Roy J. Elizondo, III
GREEN & BARTON
1201 Shepherd Drive
Houston, Texas 77007
*Counsel for Plaintiffs*

*Via Facsimile: (713) 621-5900*

*/s/ Robert E. Valdez*
**Robert E. Valdez**

{00381429}    **14**